IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ARNOLDO AND ROSALVA SANCHEZ § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> STATE FARM LLOYDS AND § <br> DANIEL LONGORIA, § <br> Defendants. § | CASE NO. 7:17-cv-216 |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal.

### PROCEDURAL BACKGROUND

1. Plaintiffs Arnoldo and Rosalva Sanchez filed this action on May 9, 2017 against State Farm and Daniel Longoria in the County Court at Law No. 1 of Hidalgo County, Texas. That case was docketed under cause number CL-17-2057-A (the "State Court Action").

2. State Farm was served with process on May 15, 2017. Daniel Longoria was served with process on May 12, 2017.

3. State Farm and Daniel Longoria timely filed their Original Answer on May 31, 2017.

4. State Farm timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the County Court at Law No. 1 of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.

### NATURE OF THE SUIT

5. This lawsuit involves a dispute over the alleged non-payment of insurance benefits and the handling of Plaintiffs' claims for damages allegedly sustained as the result of an object that

was dropped onto Plaintiffs' tile flooring. *See Plaintiffs' Original Petition* at ¶¶ 5.3-5.7. Plaintiffs assert causes of action against Defendant State Farm for breach of contract, violation of Chapters 541 & 542 of the Texas Insurance Code, breach of duty of good faith and fair dealing, fraud, and conspiracy to commit fraud. *Id*. at ¶¶ 6.1-10.2.

6.      While named as a Defendant, Plaintiffs do not assert any causes of action against Defendant Longoria. *See id*. at ¶¶ 6.1-10.2.

## BASIS FOR REMOVAL

7.      The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiffs and State Farm) and the amount in controversy exceeds $75,000, exclusive of interest and costs. The citizenship of Daniel Longoria should be disregarded because he has been improperly joined.

### *Diversity of Citizenship*

8.      At the time the State Court Action was commenced, Plaintiffs were and still are residents and citizens of Texas. *See Plaintiffs' Original Petition* at ¶ 2.1.

9.      Defendant State Farm Lloyds was at the time this action was commenced, and still is, a citizen of Illinois. State Farm Lloyds is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes. See *Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 3 F.3d 877, 882-83 (*5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

10. Defendant Longoria is a resident and citizen of Texas. However, Plaintiffs improperly joined Longoria in an attempt to defeat diversity. For this reason, the citizenship of Longoria should not be considered in determining whether this Court has jurisdiction under 28 U.S.C. § 1332. The citizenship of improperly joined defendants is not to be considered in determining whether complete diversity exists. *Salazar v. Allstate Texas Lloyds Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003).

### *Mr. Longoria Has Been Improperly Joined*

11. Defendant Longoria has been improperly joined, as Plaintiffs have not brought any causes of action against him. *See Plaintiffs' Original Petition.*

12. A threshold inquiry when determining whether a defendant is improperly joined is "whether it appears from the state court petition that the plaintiff actually intended to sue the non-diverse defendant." *Escuadra v. GeoVera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 975 (E.D. Tex. 2010). Plaintiffs' Original Petition includes no causes of action specific to Defendant Longoria, and Plaintiffs cannot recover damages without asserting a cause of action. While Plaintiffs' petition does refer to "the Adjustor" in the Facts section of the petition, such references are only to further Plaintiffs' claims against State Farm. *See, e.g.*, *Plaintiffs' Original Petition* at ¶¶ 10.1-10.2. Judge Alvarez addressed a similar petition in *Gayton v. Great Lakes Reinsurance UK PLC*:

> In fact, as BCC points out, though the complaint references Great Lakes by name several times, the complaint references BCC by name precisely two times: when naming the parties, and when detailing where to serve process. In particular, the "Causes of Action" section *only* lists Great Lakes. Clearly, this complaint fails even Texas' lenient notice pleading standards, since neither BCC nor the Court can discern the causes of action asserted against, or relief sought from, BCC. This pleading — slovenly even by the standards of form complaints — mandates BCC's dismissal from the case.

*Gayton v. Great Lakes Reinsurance UK PLC*, 2014 U.S. Dist. LEXIS 192900, *5 (S.D. Tex. July 3, 2014).

13.     Further, language in the petition suggests Plaintiffs made a conscious choice *not* to bring any causes of action against Defendant Longoria. Plaintiffs' petition includes a cause of action against State Farm for conspiracy to commit fraud, but states "Plaintiffs do not seek damages from conspirators other than Defendant Insurance Company." *Plaintiffs' Original Petition* at ¶ 8.2.  Based on the language of Plaintiffs' petition, this is a lawsuit between Plaintiffs and State Farm, and Defendant Longoria was only named as a defendant in an attempt to defeat diversity jurisdiction.

14.     The residency of Defendant Daniel Longoria should not be considered for purposes of diversity jurisdiction and Plaintiffs' claims against Defendant Longoria should be dismissed.

### *Amount in Controversy*

15.     Plaintiffs' Original Petition contains a conclusory statement, purportedly pursuant to Rule 47 of the Texas Rules of Civil Procedure, that "Plaintiffs' monetary request for relief is less than $75,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees." *Plaintiffs' Original Petition* at ¶ 1.2.  However, "Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000. Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because '[s]uch manipulation is surely characterized as bad faith.'" *Chavez v. State Farm Lloyds*, 2016 U.S. Dist. LEXIS 19920, *5-6, 2016 WL 641634 (S.D. Tex. Feb. 18, 2016) (citing *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 U.S. Dist. LEXIS 125197, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013)).

16. In their Original Petition, Plaintiffs seek damages including (but not limited to) actual damages, mental anguish, statutory penalties, compensatory damages, damages for emotional distress, treble damages under the Insurance Code, exemplary damages, interest, court costs, and attorney's fees. *Plaintiffs' Original Petition* at ¶¶ 12.1-12.8. In addition, prior to filing suit, Plaintiffs sent State Farm an estimate alleging actual damages to Plaintiffs' property in the amount of $26,000.32. As shown by Plaintiffs' pre-suit estimate and the long list of other and additional damages sought in the Petition, the amount in controversy requirement is satisfied.

## REMOVAL IS PROCEDURALLY CORRECT

17. This Notice of Removal is timely under 28 U.S.C. § 1446(b). State Farm was served with process on May 15, 2017. Daniel Longoria was served with process on May 12, 2017.

18. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

19. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 1A – 1E).

20. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of State Farm Lloyds' Notice of Removal was promptly given to all parties and to the clerk of the County Court at Law No. 1 of Hidalgo County, Texas.

21. All documents required by Local Rule 81 to be filed with this Notice of Removal are attached herein to the Index of Matters Filed (Exhibit 1).

## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm Lloyds also requests any additional relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Dan K. Worthington* _____
Dan K. Worthington
TSBN 00785282 / SDOTBN 15353
**ATLAS, HALL & RODRIGUEZ, LLP**
818 W. Pecan Blvd. (78501)
P.O. Box 3275
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax
dkw@atlashall.com - Email
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**
Sofia A. Ramon
TSBN 00784811/SDOT 20871
**ATLAS, HALL & RODRIGUEZ, LLP**
818 W. Pecan Blvd. (78501)
P.O. Box 3275
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 2nd day of June, 2017, a true and correct copy of the foregoing document was sent to all counsel of record in this cause, to-wit:

J. Michael Moore  
THE MOORE LAW FIRM  
4900 North 10th Street, Suite E-2  
McAllen, Texas 78504  
Telephone: (956) 631-0745  
Fax: (888) 266-0971  

        /s/ *Dan K. Worthington*  
        Dan K. Worthington